# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

TERRENCE EUGENE SMITH, SR. and
PAMELA KATHLEEN ASHE-SMITH,
  Plaintiffs,

v.

WAFFLE HOUSE INC., c/o Gregory Newman,
  Defendant.

Civil Action No.
1:23-cv-02136-SDG

## OPINION & ORDER

This matter is before the Court on a frivolity review of Plaintiffs' Complaint [ECF 3] pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the case is **DISMISSED**.

**I.    Background**

On November 30, 2022, Terrence Smith Sr. and Pamela Kathleen Ashe-Smith (collectively, Plaintiffs), who describe themselves as "African American senior citizens," visited a Waffle House in Douglasville, Georgia.[1] Plaintiffs seated themselves near the kitchen area. The waitress serving other customers in that area did not serve them.[2] About twenty minutes later, a White customer entered the

---

[1] ECF 3, at 5. For purposes of this frivolity review, the Court assumes the facts alleged in Plaintiffs' Complaint to be true.

[2] *Id.*

restaurant and was immediately served.[3] Eventually, the cook took Plaintiffs' orders and served them.[4] On May 11, 2023, Plaintiffs filed their Complaint *pro se*, alleging violations of their civil rights due to racial discrimination.[5]

## II.     Legal Standard

Section 1915 requires the Court to dismiss any action that is frivolous or that fails to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carrol v. Gross*, 984 F.2d 393, 393 (11th Cir. 1993) (per curium) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curium). A claim that is arguable, "but ultimately will be unsuccessful, . . . should survive frivolity review." *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

---

[3]     *Id.*

[4]     *Id.*

[5]     ECF 1.

To state a claim for relief, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its *face*." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570).

Because Plaintiffs proceed *pro se*, the Court must construe the Complaint leniently and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and punctuation omitted). *See also Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. The leniency the Court must apply does not permit it "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., v. Cty. Of Escambia, Fla.*, 132 F.3d 1359, 1369

(11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

## III. Discussion

Plaintiffs allege that their civil rights have been violated because they were not expeditiously served.[6] Plaintiffs do not identify a specific cause of action, but the Court, construing their allegations liberally as it must, presumes that they base their complaint on concepts of equal protection of the laws embodied in 42 U.S.C. § 1981 and Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, *et seq*. The Court addresses each theory in turn.

### A. Plaintiffs Fail to Sufficiently Allege Section 1981 Discrimination.

In other cases, plaintiffs alleging nearly identical facts have attempted to bring claims for race discrimination under Section 1981. *See, e.g., Jackson v. Waffle House, Inc.*, 413 F. Supp. 2d 1338, 1355 (N.D. Ga. 2006). Section 1981 provides:

> (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

---

[6] ECF 3, at 4–5.

> (b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

To state a claim against commercial establishments under Section 1981 without a proffer of direct evidence of discrimination, a plaintiff must show that:

> (1) the individual is a member of a protected class; (2) the allegedly discriminatory conduct concerned one or more of the activities enumerated in the statute, i.e., the making, performance, modification, or termination of contracts, or the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship; and (3) the defendant treated the plaintiff less favorably with regard to the allegedly discriminatory act than it treated other similarly-situated persons outside of the individual's protected class.

*Id.* (citing *Benton v. Cousins Props., Inc.,* 230 F. Supp. 2d 1351, 1370 (N.D. Ga. 2002)). *See also Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 889 (11th Cir. 2007) (adopting the court's application of the *McDonnell Douglas* burden-shifting test for commercial establishments in *Jackson*).

Plaintiffs' Complaint can be construed to allege that the 20-minute service delay they experienced was a failure to perform a contractual obligation. However, a delay in service that ultimately is performed is not actionable under Section 1981. *Jackson*, 413 F. Supp. 2d at 1363 (holding that the plaintiff's 30- or 45-minute wait was not actionable under Section 1981) (citing *Robertson v. Burger*

*King, Inc.*, 848 F. Supp. 78, 81 (E.D. La. 1994) ("While inconvenient, frustrating, and all too common, the mere fact of slow service . . . does not rise to the level of violating one's civil rights.")). Because Plaintiffs allege no other discriminatory actions by Waffle House staff, they fail to establish a plausible Section 1981 claim.

### B. Plaintiffs Fail to Sufficiently Allege Public Accommodations Discrimination.

Courts have also entertained claims like this one as allegations of public accommodations discrimination pursuant to 42 U.S.C. § 2000a.

Section 2000a provides:

> [A]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

To establish a claim under Section 2000a, a plaintiff must demonstrate that he (1) is a member of a protected class, (2) attempted to contract for services and afford himself the full benefits and enjoyment of a public accommodation, (3) was denied the full benefits or enjoyment of a public accommodation, and (4) such services were available to similarly situated persons outside his protected class who received full benefits or were treated better. *Jackson*, 413 F. Supp. 2d at 1361 (citing *Benton*, 230 F. Supp. 2d at 1382). In other words, the elements of a Section 2000a

claim and a Section 1981 claim are substantially the same. *Id.* Thus, for the same reasons their Section 1981 claim fails, the Court also finds that Plaintiffs fail to state a plausible Section 2000a claim. *See id.* at 1363 (holding that a delay in service alone is insufficient to be actionable under § 1981 and § 2000a).

## IV.     Conclusion

Plaintiffs' Complaint is **DISMISSED**. Plaintiffs have 30 days after entry of this Order in which to file an amended complaint that seeks to cure the deficiencies outlined herein. If Plaintiffs do not file an amended complaint within 30 days, the Clerk is **DIRECTED** to dismiss this action with prejudice and close the case. The Clerk is further **DIRECTED** to resubmit this matter to undersigned after 30 days.

**SO ORDERED** this 21st day of July, 2023.

Steven D. Grimberg
United States District Court Judge