**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| TERRENCE EUGENE SMITH, SR., and PAMELA KATHLEEN ASHE-SMITH,<br>  Plaintiffs,<br>                  v.<br>WAFFLE HOUSE INC., c/o Gregory Newman,<br>  Defendant. | Civil Action No.<br>1:23-cv-02136-SDG |

**OPINION AND ORDER**

This matter is before the Court on a frivolity review of the amended complaint [ECF 8] filed by Plaintiffs Terrence Eugene Smith, Sr., and Pamela Kathleen Ashe-Smith. The Court dismissed the Smiths' original complaint without prejudice under 28 U.S.C. § 1915(e)(2)—which provides for the *sua sponte* dismissal of any case brought *in forma pauperis* if it "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii)—and gave the Smiths 30 days to refile.[1] The Smiths moved for an extension of the filing deadline,[2] and subsequently filed their amended complaint.[3] The Court hereby grants the Smiths' motion to extend

---

[1] ECF 5, at 7.

[2] ECF 6.

[3] ECF 8. After filing their amended complaint, the Smiths filed three additional documents: an "Order for Mediation," ECF 9; a "Request Receipt of Service," ECF 10; and a letter inquiring about the status of the case, ECF 11.

1

time *nunc pro tunc*, and accordingly reviews the amended complaint for frivolity under § 1915(e)(2).

Upon review, the Court concludes that the amended complaint must be dismissed because it does not correct the legal deficiencies in the original complaint, and therefore still fails to state a claim. The Court dismissed the original complaint—which it construed as asserting claims for equal protection under both 42 U.S.C. § 1981 and Title II of the Civil Rights act of 1964[4]—because it held that an alleged 20-minute delay in restaurant service, where the restaurant ultimately performed the service after the delay, was not an actionable injury under either § 1981 or Title II as a matter of law.[5] And even though the amended complaint shows some improvement in factual clarity and detail, the content of the allegations is unchanged with the exception that the amended complaint alleges a longer 30-minute delay in service.[6] That difference is not enough to change the legal outcome. Thus, though the Court regrets any unpleasant experience that the Smiths may have suffered on their night out, it nevertheless holds that a 30-minute delay in restaurant service, where the restaurant ultimately performs the service

---

[4] ECF 5, at 4.

[5] *Id.* at 5–7.

[6] ECF 8, at 2–3, ¶¶ 4, 11.

after the delay, is not an actionable injury under either § 1981 or Title II as a matter of law.

Because the Court determines that the Smiths cannot amend their complaint to state a claim for the incident alleged, the Smiths' complaint is **DISMISSED WITH PREJUDICE**. The Smiths' motion for extension of time to file the amended complaint [ECF 6] is **GRANTED** *nunc pro tunc*, and their motions for mediation [ECF 9] and receipt of service [ECF 10] are **DENIED AS MOOT**.

The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 31st day of March, 2024.

_____
Steven D. Grimberg
United States District Judge